1
2
3
4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6

SAN JOSE DIVISION

7
8

RONNIE LITTLETON,

Plaintiff,

9

v.

10
11

SUNTRUST MORTGAGE, INC., et al.,

Defendants.

12

Case No.  5:15-cv-01836-EJD

**ORDER GRANTING DEFENDANT'S
MOTION TO DISMISS**

Re: Dkt. No. 16

13         Plaintiff Ronnie Littleton ("Plaintiff") filed this action in Santa Clara County Superior

14   Court against Defendants Experian Information Solutions, Inc., Equifax, Inc., SunTrust Mortgage,

15   Inc. ("SunTrust"), FedLoan Servicing, and Military Star for alleged violations of (1) the Fair

16   Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681s-2(b), (2) the California Consumer Credit

17   Reporting Agencies Act, California Civil Code § 1785.25(a), (3) and the Unfair Competition Law,

18   California Business and Professions Code § 17200.  FedLoan Servicing removed the action to this

19   court under 28 U.S.C. § 1331.

20         SunTrust now moves to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil

21   Procedure 12(b)(6).  See Docket Item No. 16.  Plaintiff opposes the motion.  See Docket Item No.

22   21.  This matter is suitable for decision without oral argument pursuant to Civil Local Rule 7-1(b).

23   Accordingly, the hearing scheduled for August 6, 2015, is VACATED.  Having carefully

24   considered the pleadings filed by the parties, the court finds, concludes and orders as follows:

25         1.    On a Rule 12(b)(6) motion to dismiss for failure to state a claim, the complaint is

26   construed in the light most favorable to the non-moving party, and all material allegations in the

27   complaint are taken to be true.  Sanders v. Kennedy, 794 F.2d 478, 481 (9th Cir. 1986).  This rule

28

United States District Court
Northern District of California

1    does not apply to legal conclusions - "[t]hreadbare recitals of the elements of a cause of action,

2    supported by mere conclusory statements, do not suffice" to state a claim.  Ashcroft v. Iqbal, 556

3    U.S. 662, 663 (2009).  While a complaint does not need detailed factual allegations to survive a

4    12(b)(6) motion, plaintiffs must provide grounds demonstrating their entitlement to relief.  Bell

5    Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  Thus, the plaintiff must allege sufficient

6    factual allegations "to raise a right to relief above the speculative level."  Id.  This threshold is

7    reached when the complaint contains sufficient facts to allow the court to draw a reasonable

8    inference that the defendant is liable for the alleged misconduct.  Iqbal, 556 U.S. at 678.

9         2.    Although the FCRA generally prohibits "[a] person" from furnishing information

10   "relating to a consumer" to any consumer reporting agency "if the person knows or consciously

11   avoids knowing that the information is inaccurate," a consumer cannot sue a furnisher based

12   simply on the communication of inaccurate information.  15 U.S.C. § 1681s-2(a); see Nelson v.

13   Chase Manhattan Mortgage Corp., 282 F.3d 1057, 1059 (9th Cir. 2002).  Instead, a consumer has

14   a private right of action against a furnisher if, after receiving notice that information is disputed,

15   the furnisher fails to reasonably undertake one of the following duties: "conduct an investigation

16   with respect to the disputed information," "review all relevant information provided by the

17   consumer reporting agency," "report the results of the investigation to the consumer reporting

18   agency," and "if the investigation finds that the information is incomplete or inaccurate, report

19   those results to all other consumer reporting agencies to which the person furnished the

20   information and that compile and maintain files on consumers on a nationwide basis."  15 U.S.C.

21   § 1681s-2(b).

22        3.    SunTrust argues the FCRA claim is insufficient because Plaintiff failed to describe

23   what information SunTrust allegedly communicated to the consumer reporting agencies, as well as

24   why this information was inaccurate.  The court agrees these facts are necessary to state a claim

25   under § 1681s-2(b) that is plausible rather than merely speculative.  See Lyles v. Ford Motor

26   Credit Co., No. SACV 12-1736 AG (RNBx), 2013 U.S. Dist. LEXIS 58804, at *11, 2013 WL

27   987723 (C.D. Cal. Mar. 11, 2013) ("Courts have held that consumers asserting Section 1681s-2(b)

28

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

United States District Court
Northern District of California

1  violations based on 'furnishing inaccurate information [] must identify which information is

2  inaccurate.'").  Plaintiff's unspecific allegations alluding to "misleading and or inaccurate

3  balances or past due balances owed" with regard to some unidentified account is not enough for

4  SunTrust, or any other furnisher defendant for that matter, to understand the basis for any potential

5  liability.

6        4.      In a related argument, SunTrust also argues that Plaintiff failed to differentiate

7  between the furnisher defendants by alleging, in one sentence, that all of them "failed to conduct a

8  reasonable investigation and reported falsely to at least Experian Information Solutions, Inc. or all

9  three bureaus a misleading and or inaccurate balance or past due balance owed on the account and

10  or listed the account as transferred and or charged off."  Coupled with the lack of facts detailing

11  the alleged inaccurate information and who it was furnished by, this "everyone did everything

12  allegation" is particularly problematic.  See Yost v. Nationstar Mortg., No. 1:13-cv-00745-AWI-

13  SAB, 2013 U.S. Dist. LEXIS 128504, at *7-8, 2013 WL 4828590 (E.D. Cal. Sept. 9, 2013) ("A

14  plaintiff suing multiple defendants 'must allege the basis of his claim against each defendant to

15  satisfy Federal Rule of Civil Procedure 8(a)(2), which requires a short and plain statement of the

16  claim to put defendants on sufficient notice of the allegations against them.'").  Without knowing

17  what information Plaintiff believes is inaccurate, and by attributing a list of potential conduct

18  against all of the furnisher defendants by using the "and or" connector, it is impossible for any of

19  them to know exactly what Plaintiff has placed at issue.

20        5.      In short, Plaintiff's Complaint suffers from defects most often seen when an

21  unspecific form complaint is not modified to fit the facts of a particular case.  Plaintiff must

22  provide better tailored allegations for this case to proceed, at least in federal court.  He will be

23  permitted leave to amend to address the defects in her pleading.  See Schreiber Distrib. Co. v.

24  Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir.1986) (holding that leave to amend should

25  be freely allowed "unless the court determines that the allegation of other facts consistent with the

26  challenged pleading could not possibly cure the deficiency.").

27        Based on the foregoing, SunTrust's Motion to Dismiss is GRANTED.  The FCRA claim is

28

3

Case No.: 5:15-cv-01836-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

DISMISSED WITH LEAVE TO AMEND.  With the dismissal of the only federal claim asserted in the Complaint, the court declines to exercise supplemental jurisdiction over Plaintiff's related state law claims.  They will be dismissed for lack of jurisdiction.  <u>See</u> 28 U.S.C. § 1367(c)(3); <u>Carnegie-Mellon Univ. v. Cohill</u>, 484 U.S. 343, 350 n.7 (1988); <u>Acri v. Varian Assocs., Inc.</u>, 114 F.3d 999, 1000 (9th Cir.1997) (en banc).

Any amended complaint must be filed on or before **August 19, 2015.**  Plaintiff is advised that, although leave to amend has been permitted, he may not add new claims or new parties to this action without first obtaining Defendants' consent or leave of court pursuant to Federal Rule of Civil Procedure 15.

**IT IS SO ORDERED.**

Dated:  August 4, 2015



EDWARD J. DAVILA
United States District Judge